**In the Matter of James Harries Davis, d/b/a Jim Davis, The Mover, Bankrupt.**

**James Harries DAVIS and H. M. Rust, Appellants,**

v.

**Arthur W. NEGIN, Trustee, Appellee.**

**No. 16338.**

United States Court of Appeals
Sixth Circuit.

March 14, 1966.

H. M. Rust, Mansfield, Ohio, for appellant.

Arthur W. Negin, Mansfield, Ohio, for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

In this case the appellant, James Harries Davis, employed appellant H. M. Rust, as an attorney, to file for him a petition in bankruptcy in the United States District Court for the Northern District of Ohio, Eastern Division. Prior to bankruptcy, the appellant Davis secured the cash value of insurance policies amounting to the sum of $283.52, which

he paid over to appellant Rust, together with $400. of borrowed money, as attorney fees for legal services in the bankruptcy action. Fifty-one dollars of this amount was paid to the Clerk of Court as a filing fee. In addition to these sums, the appellant gave a note for $650. to the appellant Rust for legal services, to be rendered following the bankruptcy, in enabling the appellant Davis to be re-established in business.

The Referee in Bankruptcy, on his own motion, examined into the reasonableness of the fee paid by appellant Davis to appellant Rust and determined that $450. was a reasonable fee. He thereupon ordered the appellant Rust to pay $182.52, the amount in excess of a reasonable fee, to the trustee, Arthur W. Negin. He further ordered the appellant Rust to cancel a portion of the note for $650.

The District Court affirmed the order of the Referee and the appellants appealed to this Court. The Referee acted under Section 60(d) (Section 96, Title 11, U.S.C.) of the Bankruptcy Act, as amended effective May 8, 1963, which reads as follows:

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney at law, for services rendered or to be rendered, the transaction may be examined by the court on its own motion or shall be examined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate.

"If, whether before or after filing, a debtor shall agree orally or in writing to pay money or transfer property to an attorney at law after the filing, the transaction may be examined by the court on its own motion or shall be examined by the court on petition of the bankrupt made prior to discharge and shall be held valid only to the extent of a reasonable amount to be determined by the court, and any excess obligation shall be canceled, or if excess payment or transfer has been made, returned to the bankrupt."

██ ██ We hold that this statute is constitutional and valid. There was no abuse of discretion on the part of the Referee in fixing a reasonable fee and in cancelling a portion of the note given by appellant Davis to appellant Rust for future services.

The judgment of the District Court is affirmed.